UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT DAVID CONNER,

    Petitioner,

    v.                                      CAUSE NO. 3:24-CV-705

WARDEN,

    Respondent.

**OPINION AND ORDER**

Robert David Conner, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (NCF-24-2-315) at the New Castle Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of sending unauthorized correspondence in violation of Indiana Department of Correction Offense 253. [DE 1]. Following a hearing, Conner was sanctioned with a loss of forty-five days earned credit time. The parties dispute whether Conner has properly exhausted his administrative appeals in connection with this disciplinary decision. However, for the sake of judicial economy, the court will assume proper exhaustion and proceed to the merits of Conner's habeas claims.

Conner argues that he is entitled to habeas relief because the administrative record did not contain sufficient evidence to find him guilty. Notably, he does not dispute that grievance staff had notified him that he was restricted from submitting grievances for thirty days or that he submitted grievances before the restriction had expired. Conner instead contends that his grievances qualified as emergency grievances that were exempt from the grievance restriction.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The administrative record includes a copy of the grievance policy. [DE 11-17]. The grievance policy defines an emergency grievance as "a grievance that, if subjected to the normal time limits, could cause the grievant substantial risk of personal injury or irreparable harm." *Id.* at 2. According to the policy, inmates may not submit grievances regarding their status as a grievance abuse or regarding grievance restrictions. *Id.* at 3-7. However, emergency grievances "shall not be restricted" pursuant to an inmate's status as a grievance abuser. *Id.* at 8-9.

The administrative record also includes a conduct report in which a grievance specialist represented that she had received multiple grievances from Conner after she had informed him that he could not submit any grievances for thirty days. [DE 11-1]. It includes a letter dated February 5, 2024, in which the Warden's designee notified Conner that he was restricted as a grievance abuser from submitting grievances for thirty days. [DE 11-8]. It includes seven grievances submitted by Conner on February 15 and February 16, 2024. [DE 11-9]. One grievance alleged that medical staff falsified his medical records. *Id.* at 1. Another grievance alleged that medical staff discouraged Conner from submitting medical requests. *Id.* at 7. The other five grievances pertained to non-medical staff members who discouraged Conner from using the grievance process in connection with his medical needs, including

2

by imposing a grievance restriction. *Id.* at 2-6. Notably, none of these five grievances describes a particular medical need or requests a particular type of medical care.

The court finds that the contents of these five grievances are sufficiently removed from any emergent medical needs to be fairly considered as non-emergent under the grievance policy. A reader could reasonably conclude that these grievances were primarily concerned with access to the grievance process rather than any immediate medical need. Conner also asserts that the correctional staff did not strictly comply with the grievance policy in imposing a grievance restriction, but the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). The conduct report, grievance-restriction letter, and the grievances constitute some evidence that Conner sent unauthorized correspondence as charged and that the finding of guilt is consistent with the grievance policy. Therefore, this claim is not a basis for habeas relief.

Conner argues that he is entitled to habeas relief because correctional staff denied his request to present witnesses and evidence. He cites the list of evidentiary requests attached to his complaint. [DE 1-1 at 17-19]. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

3

As an initial matter, Conner has not identified any requested witnesses or their anticipated testimony. According to the list of evidentiary requests, Conner sought video footage to show that the grievance specialist did not notify him of his grievance restriction, but such evidence was unnecessary given that Conner acknowledged receiving notice in one of the unauthorized grievances. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). He requested the grievance policy, which was included in the administrative record. [DE 11-17]. Conner also requested emails from correctional staff and other grievance-related documents, but he does not explain how such evidence related to whether he violated Offense 253 or how it would have otherwise affected the outcome of the disciplinary hearing.

In the traverse, Conner further argues that the hearing officer did not consider his written statement. However, the administrative record includes Conner's written statement, and the hearing report expressly indicates that the hearing officer considered it. [DE 11-5; DE 11-6]. Therefore, the claim that Conner was not allowed to present evidence is not a basis for habeas relief.

Conner argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker who decided that Conner was guilty before the hearing. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.*

There is no indication that the hearing officer was involved in the underlying incident. Nor is there any indication, beyond Conner's bare assertion, that the hearing officer determined his guilt before the hearing or that the hearing officer was otherwise improperly biased. While the hearing officer ultimately found Conner guilty, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Conner also filed a motion to strike the affidavits submitted by the Warden on the basis that they do not include the phrase "under penalty of perjury." [DE 14]. The Warden filed affidavits from two correctional officials to support his response to the habeas petition. [DE 11-13; DE 11-16]. The court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). However, motions to strike are disfavored and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). The determination of whether to strike under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

These affidavits pertain to the administrative appeal process and the evidentiary requests, so they are not entirely irrelevant to the claims in this case. Further, the court did

5

not materially rely on these affidavits in resolving the habeas petition, so they did not prejudice Conner. Therefore, the Motion to Strike [DE 14] is **DENIED**.

Because Conner has not asserted a valid claim for habeas relief, the habeas petition [DE 1] is **DENIED**. If Conner wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, Conner may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) **DENIES** the Motion to Strike [DE 14];

(2) **DENIES** the habeas corpus petition [DE 1];

(3) **DIRECTS** the Clerk to enter judgment and close this case; and

(4) **DENIES** Robert David Conner leave to proceed in forma pauperis on appeal.

ENTERED this 3rd day of March, 2025.

/s/ Andrew P. Rodovich  
United States Magistrate Judge